IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA STONE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-668 (MN) |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

At Wilmington this 8th day of June 2020:

1. **Introduction**. Plaintiffs proceed *pro se*. When they commenced this action they did not pay the filing fee and did not submit an application to proceed *in forma pauperis*. Instead, they filed an emergency motion for waiver of the filing fee. (D.I. 1). On May 21, 2020, the Court entered an Order for each Plaintiff that denied the motion and required each Plaintiff to submit a long form (AO Form 239) application to proceed in District Court without prepaying fees or costs (*in forma pauperis*), or pay in full the $400 filing fee. (D.I. 5, 6, 7). On June 5, 2020, Plaintiffs filed an "emergency motion to strike and void illegal void 'fee order'" combined with a supplement to the previously denied motion for waiver of fees. (D.I. 8). The Court construes the filing as a motion for reconsideration.

2. **Discussion**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiffs to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

  3. By statute, "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee" and may collect additional fees only as a prescribed by the Judicial Conference of the United States. *See* 28 U.S.C. § 1914. The filing fee in this Court is $400. A person may seek commencement of an action without payment of the required fees by submitting an affidavit that lists his or her assets and includes a statement that he or she is unable to pay the required fees. *See* 28 U.S.C. § 1915. This Court requires a plaintiff who seeks to proceed without prepayment of fees to submit the long form application to proceed without prepaying fees or costs – the AO 239 form.

  4. By statute a plaintiff is required to pay the filing fee owed, absent authorization by the Court under 28 U.S.C. § 1915. In other words, the only way Plaintiffs may proceed without paying the filing fee is for each of them to submit complete, signed AO 239 forms as previously ordered by the Court and for the Court to grant their requests. (*See* D.I. 5, 6, 7). Plaintiffs have two options: (1) pay the filing fee owed or (2) submit the required AO 239 form for the Court to consider whether it is appropriate for them to proceed without prepaying fees or costs.

4. Plaintiffs have failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, their motion will be denied.

5. **Conclusion**. For the above reasons, the Court will: (1) deny Plaintiffs' motion for reconsideration (D.I. 8); and (2) give Plaintiffs additional time to comply with the Court's May 21, 2020 Orders. An appropriate order will be entered.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge